Peter Thomas COCKCROFT,
Plaintiff–Appellant,

v.

E.M. PADILLA; et al., Defendants–
Appellees.

No. 00–17180.

D.C. No. CV–97–06113–AWI.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 31, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

Peter Thomas Cockcroft, a California state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of his First Amendment right to petition the government for redress of grievances. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and affirm.

With respect to Cockcroft's allegations that defendant Padilla maliciously and intentionally lost his grievances or falsified documentation relating to his grievances, we conclude that Cockcroft failed to establish a genuine issue of material fact to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

support his First Amendment claims. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Barnett,* 31 F.3d at 815. With respect to Cockcroft's allegation that defendant Sanders refused to process Cockcroft's grievance against Padilla, we conclude that Cockcroft failed to establish a genuine issue of material fact as to whether he submitted his grievance to Sanders. *See Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548; *see also Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978) (stating that liability for violation of a constitutional right requires personal participation in the violation).

We reject Cockcroft's remaining contentions as meritless.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.